**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

DRAGAN NOVAKOV,                                                    CASE NO.: 0:21-cv-61126

      Plaintiff,

v.

HERITAGE RESTAURANT LLC,

      Defendant.
_____/

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, Dragan Novakov (the "Plaintiff"), by and through counsel, sues Defendant, Heritage Restaurant LLC (the "Defendant"), and states:

1. This is an action for violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under federal law, namely, the FLSA.

3. This Court has supplemental jurisdiction over the Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the conduct giving rise to the Plaintiff's claims occurred within this District.

### PARTIES

5. The Plaintiff is a citizen of the State of Florida and a resident of Broward County.

6. The Defendant is a Florida limited liability company doing business in Broward County, Florida.

## APPLICABILITY OF THE FAIR LABOR STANDARDS ACT

7. At all times material hereto, the Plaintiff was employed by the Defendant within the meaning of the FLSA.

8. In performing his duties for the Defendant, the Plaintiff was engaged in commerce within the meaning of the FLSA.

9. In performing his duties for the Defendant, the Plaintiff used goods and products that had been moved or produced in interstate commerce.

10. At all times material hereto, the Defendant has used goods and products that have been moved or produced in interstate commerce.

11. At all times material hereto, the Defendant has been an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

12. The Plaintiff was employed by the Defendant from February 10, 2020 to March 28, 2021 (the "Covered Period").

13. Throughout the Covered Period, the Plaintiff worked in the kitchen of the Defendant's Ft. Lauderdale restaurant.

14. Throughout the Covered Period, the Plaintiff was a full-time employee of the Defendant.

15. Throughout the Covered Period, the Defendant paid the Plaintiff an hourly rate, of $25.00.

16. Throughout the Covered Period, the Plaintiff was required to work in excess of forty (40) hours a week.

17. Throughout the Covered Period, the Plaintiff worked approximately 870 hours of overtime.

18. The Defendant knew or should have known that employees, like the Plaintiff, routinely were required to work overtime in order to accomplish their assigned tasks.

19. The Plaintiff was not compensated at the required rate of time and a half ($37.50) for every hour of overtime that he worked.

20. The Plaintiff is owed approximately $10,850.00, not including liquated damages.

**COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARD ACT (29 U.S.C. § 207)**

21. The Plaintiff realleges and incorporates by reference paragraphs 1 to 20.

22. Under the FLSA, the Plaintiff was entitled to pay for every hour he worked for the Defendant and for overtime premium compensation of one and one-half times his regular rate of pay, for the hours he worked beyond forty (40) per week for the Defendant.

23. By the above course of conduct, the Defendant violated the FLSA.

24. Upon information and belief, the Defendant's practice of not compensating the Plaintiff overtime was not approved in writing by the United States Department of Labor.

25. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based on the Defendant's review of any policy or publication of the United States Department of Labor.

26. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based upon any advice of counsel received by the Defendant.

27. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based upon any investigation by the Defendant of whether the Plaintiff actually exceeded forty (40) hours during any pay period.

28. Consequently, the Defendant has violated the FLSA willfully.

29. Due to the Defendant's FLSA violations, the Plaintiff is entitled to recover from the Defendant his unpaid overtime compensation, liquidated damages, reasonable attorney's

fees, and the costs of this action.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

(a) awarding damages in the amount of his unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

(b) awarding additional liquidated damages equal to the amount of his unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

(c) awarding reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

(d) awarding fees and costs incurred in this action; and

(e) granting any other legal or equitable relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

DATED May 24, 2021.

Respectfully Submitted By:

Gulisano Law, PLLC
5645 Coral Ridge Drive, Suite 207
Coral Springs, FL 33076
954-947-3972 – office
954-947-3910 – fax
michael@gulisanolaw.com – email

s/ Michael Gulisano
Michael Gulisano, Esquire
Florida Bar No.: 87573